UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Earl Wattleton,      Case No. 24-CV-00873 (JMB/DLM)

    Plaintiff,

v.      **ORDER**

Luke Turner,

    Defendant.

David Earl Wattleton, Plaintiff, self represented.

Jennifer Diane Plante, Olmsted County Attorney's Office, Rochester, MN, for Defendant Luke Turner.

    In this civil rights action, self-represented Plaintiff David Earl Wattleton alleges that Defendant Luke Turner, the Olmsted County Election Commissioner, violated section 2 of the Voting Rights Act of 1965 (VRA), 52 U.S.C. § 10301, by failing to provide him with an absentee ballot while in federal custody. Turner now moves to dismiss Wattleton's Complaint for lack of subject-matter jurisdiction and for failure to state a claim.[1] The Court grants the motion because, as discussed below, there is no private right of action under section 2 of the VRA.

---

[1] In a pleading titled "Motion in Opposition," Wattleton opposes Turner's motion. (Doc. No. 13.) The Court construes this pleading as a brief in opposition to Turner's motion and not as a motion that requires a ruling from this Court.

1

## BACKGROUND

In June 1999, Wattleton was indicted and subsequently tried in federal court, but found not guilty of the conduct alleged by reason of insanity. *See Indictment* (Doc. No. 1), *U.S. v. Wattleton*, 99-CR-306-TWT-LTW-1 (N.D. Ga. June 22, 1999); *see also U.S. v. Wattleton*, 110 F. Supp. 2d 1380, 1381 (N.D. Ga. 2000), *aff'd*, 296 F.3d 1184 (11th Cir. 2002). Wattleton was committed to the custody of the Attorney General "until he is no longer a threat to himself or others." *See Wattleton v. Jett*, No. 11-CV-1396 (JNE/SER), 2011 WL 5176805, at *1 (D. Minn. Oct. 13, 2011).

According to the Complaint, Wattleton has resided at the Federal Medical Center in Rochester, Minnesota, since 2011. (Doc. No. 1 at 2.) In November 2020, Wattleton received an absentee ballot for the 2020 presidential general election, which he completed by mail. (*Id.*) Then, in January 2024, Wattleton asked the Olmsted County Election Division to provide him with an absentee ballot application for the March 2024 federal primary caucus, but he never received one. (*Id.*) In February 2024, a Bureau of Prisons official provided Wattleton with an absentee ballot application, which Wattleton completed and sent by mail to the Olmsted County Election Division, but Wattleton never received a ballot. (*Id.*)

Wattleton filed this action against Turner on March 11, 2024, claiming a violation of section 2 of the VRA based on the alleged intentional failure to provide him with an absentee ballot application. (*Id.* at 4–5.) He seeks a declaration "that the practice of [] failing to notify plaintiff in sufficient time to cure a deficient and/or uncompleted absentee ballot application is unconstitutional and a violation of due process and equal protection

under the law." (*Id.* at 5.) He also seeks to enjoin Turner from "withholding absentee ballot application forms from plaintiff when he request[s] them without notice or opportunity in sufficient time to cure any deficiencies before rejection." (*Id.*)

## DISCUSSION

Turner requests dismissal of Wattleton's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Because section 2 of the VRA does not establish a private right of action, the Court must dismiss the Complaint.

Under Rule 12(b)(6), courts consider all facts alleged in the complaint to be true and then determine whether the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A pleading has facial plausibility when its factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In this analysis, the Court construes the allegations and draws inferences from them in the light most favorable to the plaintiff. *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018).

Section 2 of the VRA prohibits voting practices or procedures that discriminate on the basis of membership of a protected class, as identified elsewhere in the VRA, 52 U.S.C. §§ 10301(a), 10303(f)(2). In *Arkansas State Conference NAACP v. Arkansas Board of Apportionment*, 86 F.4th 1204 (8th Cir. 2023), the Eighth Circuit directly addressed the question whether a private citizen could sue for alleged violations of section 2's prohibitions. In doing so, the appellate court examined the VRA's text, structure, legislative history, and applicable precedent, and observed that "[f]or much of the last half-

3

century, courts have assumed that § 2 is privately enforceable," but that "[a] deeper look has revealed that this assumption rests on flimsy footing." *Id.* at 1217–18; *see also id.* at 1206–18 (examining roots and history of VRA). The Eighth Circuit ultimately held that private plaintiffs do not have the ability to sue under section 2. *Id.* at 1206–07. Having done so, the Eighth Circuit then modified the district court's dismissal without prejudice on jurisdictional grounds to a dismissal *with* prejudice because the private action was "obviously doomed to fail from the start."[2] *Id.* at 1018 (explaining its decision to modify the district court's dismissal to be with prejudice).

Applying that holding here, the Court dismisses the Complaint, which asserts a single claim under section 2 of the VRA, with prejudice for failure to state a claim.[3]

---

[2] Turner also argues that the Court lacks subject matter jurisdiction for this same reason. However, the Court would have subject-matter jurisdiction over section 2 claims brought by the Minnesota Attorney General. *See id.* at 1207–18, 1217 (observing that a "lack of a cause of action does not deprive a federal district court of subject-matter jurisdiction"). For this reason, the Court focuses on Turner's argument under Rule 12(b)(6). Turner also argues Wattleton's claims are moot because "[t]here is no reason to believe he would not be able to [obtain an absentee ballot application] for any future election cycle." (Doc. No. 7 at 3–4.) In light of the decision to dismiss for failure to state a claim, the Court need not address this portion of Turner's argument.

[3] In response to Turner's mootness argument, Wattleton appears to argue that the Complaint includes a claim under the National Voter Registration Act (NVRA), 52 U.S.C. § 20507(a)(4). (*See* Doc. No. 13 at 2.) The Complaint does refer to the NVRA (Doc. No. 1 at 4), and unlike section 2 of the VRA, the NVRA does provide a private right of action, *see* 52 U.S.C. § 20510(b). Contrary to Wattleton's argument, however, and despite this reference to the NVRA, the Complaint does not state a claim under the NVRA for two reasons. First, the Complaint does not state what action or failure to act violated the NVRA or which statutory requirement of the NVRA was violated. Second, even assuming that the reference to the NVRA in the Complaint could be characterized as stating a claim under the NVRA, the NVRA contains notice requirements, and the Complaint makes no allegations concerning these requirements. *See* 52 U.S.C. § 20510(b); *see also, e.g, Scott v. Schedler*, 771 F.3d 831, 836 (5th Cir. 2014) (holding that "failure to provide notice is

4

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Defendant Luke Turner's Motion to Dismiss (Doc. No. 6) is GRANTED, and Plaintiff David Earl Wattleton's claims arising under 52 U.S.C. § 10301 are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 26, 2024              /s/ *Jeffrey M. Bryan*
                                  Judge Jeffrey M. Bryan
                                  United States District Court

---

fatal to [NVRA] suit."); *Voice of the Experienced v. Ardoin*, No. 23-CV-00331 (JWD/SDJ), 2024 WL 2142991, at *9, 29–32 (M.D. La. May 13, 2024) (dismissing NVRA claim where plaintiff did not provide adequate notice to pursue claim); *Bellitto v. Snipes*, 221 F. Supp. 3d 1354, 1362–63 (S.D. Fla. 2016) (dismissing NVRA claim for failure to provide required pre-suit notice).

5